UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA S. LEWIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GAYLOR, INC., )<br>)<br>Defendant. ) | No. 1:11-cv-01421-SEB-TAB |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION REGARDING THE FEDERAL STATUTORY CLAIM, AND
STAYING A RULING ON THE INDIANA STATUTORY CLAIM PENDING
CERTIFICATION TO THE INDIANA SUPREME COURT**

The Court has considered Plaintiff's objections to the Magistrate Judge's Report and Recommendation [Docket No. 38] regarding Defendant Gaylor, Inc.'s Motion to Dismiss, in which the Magistrate Judge proposes that Plaintiff Joshua S. Lewis's claims brought pursuant to the Davis-Bacon Act ("DBA"), 40 U.S.C. § 3141 *et seq.*, and Indiana's Common Construction Wage Act ("CCWA"), IND. CODE § 5-16-7 *et seq.*, be dismissed because no private cause of action exists under either statute. We address Plaintiff's objections in turn below.

**I.   Davis-Bacon Act**

In his Report and Recommendation, the Magistrate Judge recognizes that, in *McDaniel v. University of Chicago*, 548 F.2d 689 (7th Cir. 1977), the Court of Appeals ruled that "implying a private right of action in the Davis-Bacon Act is necessary to effectuate the intention of Congress in passing the statute." *Id.* at 695. However, after conducting an exhaustive review of subsequent case law, including the Supreme Court's decisions in *Cannon v. University of Chicago*, 441 U.S. 677 (1979) and *Universities Research Association, Inc. v. Coutu*, 450 U.S.

754 (1981), the Magistrate Judge concluded that this was the "rare case" in which the district court could depart from Seventh Circuit precedent being "powerfully convinced" that, in light of subsequent decisions, the Seventh Circuit would likely depart from its prior decision in *McDaniel* at the earliest opportunity to find that no implied private right of action exists.

The Court, having given careful consideration to the issues presented, pursuant to Title 28 U.S.C. § 636(b)(1)(B), and being duly advised in the premises, finds that the Magistrate Judge's analysis of Plaintiff's claim brought pursuant to the DBA is well reasoned and supported by the facts as well as the law. Accordingly, the Court overrules Plaintiff's objection and hereby adopts the Magistrate Judge's Report and Recommendation that Plaintiff's claim brought pursuant to the DBA be dismissed and incorporates the opinion of the Magistrate Judge by reference herein.

## II.     Common Construction Wage Act

Plaintiff's second objection to the Magistrate Judge's conclusion relates to whether a private cause of action exists under the Indiana statute titled the CCWA, which is the type of supplemental state wage law like those that the Seventh Circuit has noted are "sometimes referred to as the 'little Davis-Bacon Acts.'" *Frank Bros., Inc. v. Wisconsin Dept. of Transp.*, 409 F.3d 880, 883 (7th Cir. 2005) (citation omitted). As recognized by the Magistrate Judge in his Report and Recommendation, the Indiana Supreme Court has to date never addressed this issue, but a divided Indiana Court of Appeals panel, adopting the Seventh Circuit's reasoning in *McDaniel*, held that an implied right of action does exist under the CCWA. *See Stampco Const. Co., Inc. v. Guffey*, 572 N.E.2d 510 (Ind. Ct. App. 1991). Citing reasons similar to those that he cites as justification for departing from the *McDaniel* decision, coupled with the dearth of Indiana cases other than *Stampco* supporting an implied right of action under the CCWA, the

Magistrate Judge's report takes an opposing view to the holding of the divided Indiana Court of Appeals, and recommends that the district court dismiss Plaintiff's claim brought pursuant to the CCWA.  It is clear that the Magistrate Judge's Report and Recommendation on this issue is well reasoned.  However, given that (1) it is a question that is reasonably likely to recur; (2) the Indiana Supreme Court has not had occasion to address the issue; and (3) the only state precedent on point is a divided opinion of the Court of Appeals that largely relies on the analysis set forth by the Seventh Circuit in *McDaniels*, which, for the reasons adopted above is called into question by subsequent rulings, we stay a ruling on this issue and, pursuant to Indiana Appellate Rule 64(a), certify the question to the Indiana Supreme Court.  A Certification to the Indiana Supreme Court shall issue.

### III.    Conclusion

For the reasons detailed above, we adopt the Magistrate Judge's Report and Recommendation as to Plaintiff's claim brought pursuant to the DBA and incorporate it by reference herein.  Accordingly, Defendant's Motion to Dismiss is <u>GRANTED IN PART</u> and Plaintiff's DBA claim is hereby <u>DISMISSED</u>.  We will stay a ruling on Plaintiff's CCWA claim and certify the question to the Indiana Supreme Court.

IT IS SO ORDERED.

Date:    09/24/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Elijah D. Baccus
ALLOTTA FARLEY WICHMAN CO. LPA
ebaccus@afwlaw.com

Stephen W. Lyman
HALL RENDER KILLIAN HEATH & LYMAN
slyman@hallrender.com

Marilyn Lee Widman
ALLOTTA FARLEY & WIDMAN CO. LPA
mwidman@afwlaw.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@hallrender.com

Kevin S. Smith
Clerk, Indiana Supreme, Appellate, and Tax Courts
State House, Room 135
200 W. Washington St.
Indianapolis, IN 46204